**The CHAMPION PAPER & FIBRE COMPANY, Appellant,**

v.

**NATIONAL ASSOCIATION OF MUTUAL INSURANCE AGENTS, Appellee.**

No. 13826.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 4, 1957.

Decided Oct. 31, 1957.

Petition for Rehearing Denied Nov. 20, 1957.

Mr. W. Brown Morton, New York City, with whom Mr. Clarence M. Fisher, Washington, D. C., was on the brief, for appellant.

Mr. James H. Littlepage, Washington, D. C., with whom Mr. Hubert G. King, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The Champion Paper and Fibre Company sued in the United States District Court for the District of Columbia to enjoin the National Association of Mutual Insurance Agents from using its trademark "or any other colorable imitation" thereof and from otherwise infringing thereon. The complaint described the action as one "for trade-mark infringement arising under the trade-mark laws

of the United States * * * and a related action for unfair competition."

Champion is engaged in manufacturing and selling paper products and other articles. It uses in connection therewith a trade-mark, first registered in 1927, which is a drawing of a medieval armored knight on horseback carrying a pennon on which the words "Champion Papers" are inscribed. The Association, adequately described by its name, uses a trade-mark almost identical with Champion's except for slight differences in the accoutrements of the horse and rider and except that the words "Mutual Insurance" instead of "Champion Papers" appear on the banner.

The complaint alleged that Mutual's mark "as it is used in commerce, is a colorable imitation of plaintiff's trademark and is likely to cause confusion or mistake as to the source of origin of the services furnished by defendant and constitutes an infringement on plaintiff's trade-mark." It also alleged that "Defendant is unfairly competing with plaintiff as defendant's mark, as it is used in commerce, will destroy the value and distinctiveness of plaintiff's trademark and the good will created by plaintiff in said trade-mark * * *."

But in the hearing in the District Court, Champion abandoned its allegation that its action arises under the trade-mark laws of the United States,[1] as appears in the following colloquy between court and counsel:

"The Court: Do you claim any right to recover under the Lanham Act? Mr. Morton: No, sir.

"The Court: Or do you proceed under general equitable principles? Mr. Morton: We do not claim any damages, or any right to recover under the Lanham Act, but it is just on the general equitable principles, on the doctrine of dilution, which has become law in several States."

The District Court rejected the doctrine of dilution, which it described as being "that one who employs the trademark of another, even though not on competing goods or services, detracts from its value." It held that Mutual's use of the mark in connection with non-competing services was so foreign to Champion's use as to preclude any identification or confusion between the two, and so granted Mutual's motion to dismiss. D.C.D.C.1957, 148 F.Supp. 123.

Appellant repeats here what it said in the District Court: that it does not rest its case on the Lanham Act, "but on the general principle that courts of equity may restrain as unfair competition any action with respect to the unauthorized use of another's property which causes damage to the property owner or destroys the value of his property."

Four states have enacted anti-dilution statutes, but there has been no federal legislation on the subject. Appellant seeks to have us hold that the doctrine of dilution affords ground for equitable relief in the absence of statutory enactment; that is to say, it asks us to adopt the doctrine. The wisdom of doing so in advance of congressional consideration may well be doubted. But, for another reason, we express no opinion as to the desirability of the doctrine of dilution: the appellant's cause would not be helped if we should now announce its adoption.

This is so because a drawing of a mounted mail-clad knight has long been used by many as a trade-mark. The record shows more than 20 registrations of such a drawing. To be sure, the attitudes and embellishments of the knight and his mount vary considerably from mark to mark, but the general theme is the same. One exhibit shows a trademark registered in 1917—ten years before Champion's registration—which depicts a knight and charger with the word "Champion" on a scroll above them. Another, registered in 1908, shows the

1. The remedy for trade-mark infringement provided in § 32 of the Lanham Trade-Mark Act, 15 U.S.C.A. § 1114, is limited to infringement which is likely to cause confusion or mistake: to deceive purchasers as to the origin of the goods or services.

word "Champion" emblazoned on the banner carried by the knight.

In the circumstances, it is clear that Champion's mark is not such a strong original conception that imitation of it is actionable infringement under the dilution doctrine. It was already diluted when it was adopted in 1927, and has since been further weakened by the registration and use by others of many similar marks. Pro-Phy-Lac-Tic Brush Co. v. Jordan Marsh Co., 1 Cir., 1948, 165 F.2d 549; Esquire, Inc. v. Esquire Slipper Manufacturing Co., 1 Cir., 1957, 243 F.2d 540.

It follows that, even if the doctrine of dilution were in effect in this jurisdiction, the appellant could not prevail.

Affirmed.